IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )     CRIMINAL ACTION NO.
     v.                     )         2:20cr102-MHT
                            )              (WO)
KEYIWAN RECHARD HUMPHREY    )
```

ORDER

This cause is before the court on defendant Keyiwan Rechard Humphrey's unopposed motion to continue trial. For the reasons set forth below, the court finds that jury selection and trial, now set for October 19, 2020, should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a

>    judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1).  The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  § 3161(h)(7)(A).  In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant ... the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).  The Act also excludes from the 70-day period "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant."  § 3161(h)(1)(6).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Humphrey in a speedy trial. Humphrey's counsel represents that she has filed a separate motion to continue the deadline for pretrial motions for at least 30 days, based upon concerns that Humphrey may not be competent and the need for a competency evaluation. She notes that, should the motion to continue deadlines be granted, the deadline for pretrial motions would be within two weeks of the current trial date. That would not leave the court with sufficient time to consider any pretrial motions that are filed. There is no indication of a lack of due diligence on counsel's part. In addition, the government does not oppose the requested trial continuance. The court finds that a continuance of the trial is necessary in order to allow sufficient time for Humphrey to be evaluated, consult experts, and

3

prepare and file pretrial motions, and to give the court sufficient time to consider such motions.

\*\*\*

Accordingly, it is ORDERED as follows:

(1) Defendant Keyiwan Rechard Humphrey's unopposed motion to continue trial (doc. no. 35) is granted.

(2) The jury selection and trial, now set for October 19, 2020, are reset for December 7, 2020, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall conduct a pretrial conference prior to the December trial term.

DONE, this the 14th day of September, 2020.

                                 /s/ Myron H. Thompson
                                 UNITED STATES DISTRICT JUDGE