```
      IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

        MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

UNITED STATES OF AMERICA    )
                            )     CRIMINAL ACTION NO.
    v.                      )        2:20cr102-MHT
                            )            (WO)
KEYIWAN RECHARD HUMPHREY    )
```

### ORDER

This cause is before the court on the government's unopposed oral motion to continue, as made on the record during the status conference on October 28, 2020. For the reasons set forth below, the court finds that jury selection and trial, now set for December 7, 2020, should be continued pursuant to 18 U.S.C. § 3161.

While the granting of a continuance is left to the sound discretion of the trial judge, *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in

an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant ... the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv). The Act also excludes from the 70-day period "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant." § 3161(h)(1)(6).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Humphrey in a speedy trial. Both parties are awaiting the report of Robert D. Shaffer, a clinical psychologist, regarding Humphrey's competency to stand trial. The full report is necessary for both parties to prepare for trial and for the court to determine the extent of the competency concerns as to Humphrey and further investigate them. There is no indication of a lack of due diligence on counsel's part as to the report. In addition, the defense joined in the request for a trial continuance. The court finds that a continuance of the trial is necessary in order to allow sufficient time for Humphrey's competence to be evaluated and for the parties to prepare for trial.

***

Accordingly, it is ORDERED as follows:

(1) The government's oral motion to continue trial (doc. no. 67), which the defense joined in, is granted.

(2) The jury selection and trial, now set for December 7, 2020, are reset for March 15, 2021, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall conduct a pretrial conference prior to the March trial term.

DONE, this the 30th day of October, 2020.

                                       /s/ Myron H. Thompson
                                 UNITED STATES DISTRICT JUDGE