IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **CRIMINAL ACTION NO.** |
| **v.** | ) | **2:20cr102-MHT** |
| | ) | **(WO)** |
| **KEYIWAN RECHARD HUMPHREY** | ) | |

**ORDER**

This cause is before the court on the parties' joint agreement to continue the trial, as indicated on the record during the status conference on March 2, 2021. For the reasons set forth below, the court finds that jury selection and trial, now set for March 15, 2021, should be continued pursuant to 18 U.S.C. § 3161.

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in

> an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1).  The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  § 3161(h)(7)(A).  In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant ... the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).  The Act also excludes from the 70-day period "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant."  § 3161(h)(1)(A).

2

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Humphrey in a speedy trial. The court has not yet held a hearing on Humphrey's competency to stand trial, and further examination may be necessary before the court can determine whether he is competent. Both parties agree that the trial must be continued to allow the competency process to proceed. The court finds that a continuance of the trial is necessary in order to allow sufficient time for Humphrey's competence to be evaluated and, once that is complete, for the parties to prepare for trial.

***

Accordingly, it is ORDERED that, based on the parties' joint agreement, the jury selection and trial, now set for March 15, 2021, are continued generally.

DONE, this the 2nd day of March, 2021.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE