IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:20cr102-MHT |
| | ) | (WO) |
| KEYIWAN RECHARD HUMPHREY | ) | |

OPINION AND ORDER

This criminal cause is before the court on the
question whether defendant Keyiwan Rechard Humphrey,
after being found incompetent to stand trial, should be
unconditionally released.  The court concludes that he
should be.

I.

On March 22, 2021, this court determined that
Humphrey was mentally incompetent to stand trial.  *See*
*United States v. Humphrey*, No. 2:20cr102-MHT, 2021 WL
1090701 (M.D. Ala. Mar. 22, 2021) (Thompson, J.).  The
court ordered an evaluation by medical professionals at

the Federal Bureau of Prisons (BOP) to determine whether there was a substantial probability that Humphrey could be restored to mental competency in the foreseeable future. On October 7, 2021, the BOP filed a forensic psychological report concluding that Humphrey remains incompetent to proceed in his legal case; that he is unlikely to be restored to competency within the foreseeable future; and that, should he be released into the community, he would not pose a substantial risk of bodily injury to another person or serious damage to property of another as a result of a mental disease or defect.

The government and defense counsel jointly stipulate to the findings in the report and request that the court accept the report and its findings on the record without the need for further testimony. *See* Joint Stipulation (Doc. 143). They further agree that Humphrey should be unconditionally released, and the government states that it will move to dismiss the indictment upon these findings. The parties orally

informed the court that no hearing is required.  Based on the parties' representations and for the reasons explained below, the court finds that Humphrey is unlikely to be restored to competency within a reasonable period of time and that he will not pose a substantial risk of bodily injury to another or serious damage to the property of another if he is released into the community.  Accordingly, the court concludes that Humphrey should be released unconditionally.


## II.

A defendant who is found to be mentally incompetent shall be committed to the custody of the Attorney General for competency treatment and evaluation "for such a period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward."  18 U.S.C. § 4241(d)(1).  Under § 4241, an extension of this period of commitment for an

"additional reasonable period of time" requires the
court to find that "there is a substantial probability
that within such additional period of time [the
defendant] will attain the capacity to permit the
proceedings to go forward." 18 U.S.C. § 4241(d)(2)(A).
When the court finds that there is no substantial
probability of competency restoration within a
reasonable period of time, "the court must determine,
pursuant to 18 U.S.C. § 4246, whether the defendant
should be released without trial or detained
indefinitely." *United States v. King*, 473 F. Supp. 2d
1177, 1180 (M.D. Ala. 2007) (Thompson, J.).

Under § 4246, indefinite detention is permissible
only if "the director of a facility in which [the
committed person] is hospitalized certifies that [the
person] ... is presently suffering from a mental
disease or defect as a result of which his release
would create a substantial risk of bodily injury to
another person or serious damage to property of
another," 18 U.S.C. § 4246(a), and, after a hearing,

**4**

"the court finds by clear and convincing evidence that the person is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another," 18 U.S.C. § 4246(d).  Because, in the present case, the BOP has not certified that Humphrey's release would create such a risk—in fact, the report affirmatively opines that his release would not create this risk—and both parties have affirmatively waived a hearing, the court need not hold a hearing before it may find that Humphrey's release would not create a substantial risk of bodily injury to another person or serious damage to property of another.


III.

According to the psychological report, Humphrey meets the criteria for a diagnosis of mild intellectual disability.  Intellectual disability is a disorder characterized by deficits in intellectual and adaptive

functioning in conceptual, social, and practical domains beginning during the developmental period. *See Diagnostic and Statistical Manual of Mental Disorders* (5th Ed. 2013). The report states that, "Intellectual disability is a chronic condition for which there is no cure." Forensic Psychological Report (Doc. 138) at 10; *see also United States v. Mack*, No. 2:12cr232-MHT, 2014 WL 2109860, at *2 (M.D. Ala. May 20, 2014) (Thompson, J.) (noting that a defendant's experience of intellectual disability since an early age "make[s] it unlikely that ... treatment will make him competent"); *United States v. Scarver*, No. 2:12cr205-MHT, 2013 WL 6009543, at *1 (M.D. Ala. Nov. 13, 2013) (Thompson, J.) (same).

The evaluators observed that Humphrey showed significant impairment in his intellectual functioning and communication, among other things. The report notes that Humphrey's answers to questions relied on "concrete and simplistic interpretations" of the questions and that multipart questions or questions

requiring abstract thought "were too difficult for him to understand." Forensic Psychological Report (Doc. 138) at 9. These problems were compounded, the evaluators found, by Humphrey's "tendency to acquiesce" by providing responses "aimed at pleasing the evaluator rather than providing accurate information." *Id.* at 9-10.

The report highlights numerous ways in which Humphrey's intellectual disability inhibited his ability to learn, retain, and apply information related to his legal case. The evaluators observed that he struggled to recall basic information discussed in competency-restoration sessions. Although he generally was able to identify the charge against him, he struggled to understand the potential consequences and possible outcomes of his case. According to the report, he "demonstrated very limited factual understanding of the charges against him and the related legal proceedings," and education "had little to no effect" on his responses to questions. Forensic

Psychological Report (Doc. 138) at 11.   He also
"displayed little to no understanding of the
adversarial nature of the proceedings." *Id.* at 12.

Based on the findings of this report, and in light
of the parties' agreement with those findings, the
court finds that there is not a substantial probability
that Humphrey will be restored to competency in the
foreseeable future.


IV.

With respect to Humphrey's dangerousness, a Risk
Assessment Review panel opined that "should [Humphrey]
be released to the community, he would not pose a
substantial risk of bodily injury to another person, or
serious damage to property of another, as a result of a
mental disease or defect."   Forensic Psychological
Report (Doc. 138) at 14.   The panel based this opinion
on findings that Humphrey had no history of violent
behavior or violent offenses prior to being charged
with the present offense and that he does not express

violent ideation or values.  Elsewhere, the report
states that he adjusted well to the institution in
which he was placed and demonstrated an ability to
adhere to rules and directions.  The evaluators also
recognized that, prior to his commitment, his support
system in the community "has enabled him to achieve
relatively high adaptive functioning skills in
comparison to his intellectual level." *Id.* at 10.

After considering the psychological report and the
joint stipulation of the parties, the court finds that
Humphrey's release would not create a substantial risk
of bodily injury to another person or serious damage to
property of another.  The court will, therefore, order
the immediate unconditional release of Humphrey.


**\*\*\***

Accordingly, it is ORDERED and DECLARED that:

(1) There is not a substantial probability that
defendant Keyiwan Rechard Humphrey will attain the

mental capacity to permit the trial to go forward in the foreseeable future.

(2) Defendant Humphrey's unconditional release would not create a substantial risk of bodily injury to another person or serious damage to property of another.

It is further ORDERED that defendant Humphrey shall be immediately released without conditions.

DONE, this the 28th day of October, 2021.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE